IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. THOMAS HAJZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 06cv1401 |
| | ) | |
| PETERS TOWNSHIP SCHOOL DISTRICT, | ) | |
| and SUPERINTENDENT DIANE KIRK, | ) | |
| Individually; | ) | |
| ASSISTANT SUPERINTENDENT JOHN | ) | |
| HOOVER, Individually; | ) | |
| BOARD PRESIDENT/ MEMBER | ) | |
| DENISE ABRAHAM, Individually; | ) | |
| BOARD VICE PRESIDENT / MEMBER | ) | |
| SANDRA TEODORI, Individually, | ) | |
| BOARD VICE PRESIDENT/ MEMBER | ) | |
| THOMAS McMURRAY, Individually; | ) | |
| BOARD MEMBER JAMES O'KELLY, | ) | |
| Individually; | ) | |
| BOARD MEMBER DIANE RITTER, | ) | |
| Individually; | ) | |
| BOARD MEMBER DAVID HVIZDOS, | ) | |
| ESQUIRE, Individually; | ) | |
| BOARD MEMBER SANDRA GREGG, | ) | |
| Individually; | ) | |
| BOARD MEMBER ALLISON McCLURE, | ) | |
| Individually; | ) | |
| BOARD MEMBER KAREN SCHARF, | ) | |
| Individually; | ) | |
| BOARD VICE PRESIDENT / MEMBER | ) | |
| TERRY HART, Individually; | ) | |
| BOARD MEMBER ELAINE WEBB, | ) | |
| Individually, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court for disposition are the PARTIAL MOTION TO DISMISS, with brief in support, filed by Defendants (*Document Nos. 37 and 38*), the BRIEF in opposition filed by Plaintiff (*Document No. 40*), and the REPLY TO PLAINTIFF'S BRIEF filed by

Defendants (*Document No. 45*).  For the reasons that follow, the Partial Motion to Dismiss will be granted in its entirety.

## BACKGROUND

On November 8, 2002, Plaintiff, Dr. Thomas Hajzus, verified an Amended Complaint filed with the Pennsylvania Human Relations Commission ("PHRC").  The Amended Complaint named Peters Township School District as the sole respondent and contained four counts:  (i) disability (forced to leave without pay); (ii) disability (failure to accommodate); (iii) demotion (disability); and (iv) retaliation (demotion.)

On August 11, 2003, Plaintiff verified a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  Again, only Peters Township School District was named as the respondent.  The EEOC Charge of Discrimination contained three claims: (i) disability discrimination; (ii) religious discrimination; and (iii) retaliation.

On March 20, 2004, Plaintiff filed an Amendment to his EEOC Charge of Discrimination, in which he amended his Charge to include Defendants Drs. Diane Kirk and John Hoover as respondents.  He did not amend his claims of (i) disability discrimination; (ii) religious discrimination; and (iii) retaliation.

On October 19, 2006, Plaintiff filed a three-count Complaint in this Court against Peters Township School District;  Superintendent Diane Kirk, individually; Assistant Superintendent John Hoover, individually; and eleven (11) current or former school board directors, individually.  In Count I, Plaintiff alleges disability discrimination under the Rehabilitation Act of 1973 ("the Rehabilitation Act"), the Americans with Disabilities Act ("ADA"), and the

Pennsylvania Human Relations Act ("PHRA").  In Count II, Plaintiff alleges retaliation, harassment, and aiding and abetting under the PHRA.  In Count III, Plaintiff alleges retaliation under the Rehabilitation Act, the ADA, and the PHRA.

Defendants argue that (i) Plaintiff's claims against the individual defendants brought under the Rehabilitation Act and the ADA should be dismissed because there is no individual liability under either of these federal statutes; (ii) Plaintiff's claims against the individual defendants brought under the PHRA should be dismissed because none of the individually-named defendants were named as respondents in the Amended Complaint filed with the PHRC; and (iii) Plaintiff's claims for harassment under the PHRA should be dismissed because this claim was never presented to the PHRC.  Plaintiff responds that the individually-named defendants have been expressly identified in his PHRC filings or, in the alternative, that these defendants each "share[] an identity of interest with the Board" and, therefore, any claims against them should not be dismissed.[1]  Plaintiff also argues that his harassment claim was properly presented to the PHRC.

### STANDARD OF REVIEW

When considering a motion to dismiss the court accepts as true all well pleaded allegations of fact.  *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997).  In addition, the court construes all reasonable inferences from those allegations in a light most favorable to the plaintiff.  *Id.*  The

---

[1] Plaintiff did not address Defendants' argument that all federal claims against any individual defendants should be dismissed.

complaint will be dismissed only if there is "no set of facts" which would entitled the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See* Fed. R. Civ. P. 8(a)(2); *see also Conley*, 355 U.S. at 47.

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir.1999). However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993). Under this standard, administrative filings, such as the record of the case before the EEOC or the PHRC, may be considered by the court without converting the motion to dismiss into a motion for summary judgment. *See Pension Ben. Guar. Corp.,* 998 F.2d at 1196-97; *Arizmendi v. Lawson,* 914 F. Supp. 1157, 1160-61 (E.D. Pa.1996).

Attached to the motion to dismiss filed by Defendants and to the Response filed by Plaintiff are copies of a number of documents from the files of the EEOC and the PHRC regarding the administrative complaints filed by Plaintiff. Because these documents are referenced in the Complaint and are essential to Plaintiff's claim, the Court has considered

these documents without the necessity of converting the motions to dismiss into motions for summary judgment. *Pension Ben. Guar. Corp.,* 998 F.2d at 1196-97.

### DISCUSSION

**A.     *Claims Brought under the Rehabilitation Act and the ADA***

As noted *supra*, Plaintiff amended his EEOC Charge of Discrimination to include "supervisory employees of Peters Township School District" Defendants Diane Kirk and John Hoover as respondents. At the outset, the Court notes that Plaintiff did not respond to Defendants' request to dismiss all federal claims against the individual defendants brought under either the Rehabilitation Act or the ADA.

It is well established in the Third Circuit that individuals are not liable under either the Rehabilitation Act or the ADA. *Emerson v. Thiel College,* 296 F.3d 184, 189-9- (3d Cir. 2002); *see also Sheridan v. E.I. DuPont de Nemours and Co.,* 100 F.3d 1061, 1077-78 (3d Cir. 1996).

Accordingly, Plaintiff's claims under the Rehabilitation Act and the ADA against Defendants Superintendent Diane Kirk, individually, and Assistant Superintendent John Hoover, individually, will be dismissed without objection.

**B.     *PHRA Claims Against the Individually-Named Defendants***

Next, all the individually-named defendants argue that this Court lacks jurisdiction over the PHRA claims against them because Plaintiff failed to specifically name them in his PHRA complaint. The Court of Appeals for the Third Circuit has recognized an exception to the

5

requirement that a defendant must be named in the administrative complaint where the unnamed party has received notice of the allegations and there is a commonality of interest between the unnamed and named parties. *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 885 (3d Cir. 1980).[2]  The purpose of requiring a party to be named in the administrative charge is to give that party notice of the allegations leveled against him/her/it and to give the party an opportunity to remedy the situation without resorting to litigation. *Id.*

The PHRC administrative record reflects that no PHRA complaint was presented which named the individually-named Defendants as respondents nor was there a PHRA complaint which contained allegations that the individually-named Defendants aided and abetted in any discriminatory acts.

Moreover, the Court finds that the documents submitted by Plaintiff in opposition to the motion to dismiss do not reflect that the individually-named Defendants were named as

---

[2]  In *Glus*, the court set forth four factors to be considered in determining whether a party not named in a charge can nonetheless be named as a party in the subsequent civil suit. The *Glus* factors are:

1. whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

2. whether under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

3. whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and

4. whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Glus*, 562 F.2d at 887-88.

respondents in the PHRA Amended Complaint. Exhibit 1 is a document submitted to the EEOC, not an actual PHRA complaint; Exhibit 2 is a PHRC intake form that the Plaintiff apparently completed for the PHRC, this is not a PHRA complaint which would have been sent to the respondents; Exhibit 3 is a letter sent by Plaintiff to the EEOC; Exhibit 4 is a letter sent by the EEOC to the Plaintiff and a form questionnaire that was apparently completed by the Plaintiff; and Exhibit 5 is a letter sent by Plaintiff's counsel to the EEOC.

Additionally, the Court finds that Plaintiff's argument that the individually-named defendants share a "commonality of interest" with the School District is without merit. Plaintiff is attempting to sue the School District administrators and board members individually. These individuals are not the School District and have not had any previous opportunity to resolve any disputes against them personally. The instant federal Complaint was the first notice to these individuals that they were being sued in their individual capacities and, thus, the individuals had no previous notice of potential individual liability. Accordingly, the Court finds and rules that these individually-named Defendants would suffer great prejudice if the Plaintiff was permitted to proceed with his PHRA claims against them.

Accordingly, Plaintiff's claims under PHRA against the individually-named Defendants will be dismissed.

C.  ***PHRA Harassment Claim***

Defendants request that the PHRA harassment claim be dismissed for failure to state a claim because this claim was never presented to the PHRC by Plaintiff. As noted *supra,* Plaintiff filed a four-count Amended Complaint with the PHRC on November 8, 2002, in

which he alleged (i) disability (forced to leave without pay); (ii) disability (failure to accommodate); (iii) demotion (disability); and (iv) retaliation (demotion).  No harassment claim was presented to the PHRC.

In contrast, in Plaintiff's filings with the EEOC, he clearly stated that he had been subjected to "ongoing retaliation, **harassment** and a hostile work environment."(emphasis added).  Defendants, however, are not seeking to have Plaintiff's federal claim of harassment dismissed; rather, they are seeking only to have the PHRA claim for harassment dismissed.

The Court finds and rules that Plaintiff did not present a claim for harassment to the PHRC.  Accordingly, Plaintiff's claim for harassment under the PHRA will be dismissed.

## CONCLUSION

For the reasons hereinabove set forth, the Partial Motion to Dismiss filed by Defendants will be granted.   An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. THOMAS HAJZUS, | ) | |
|     Plaintiff, | ) | |
| v. | ) | 02: 06cv1401 |
| | ) | |
| PETERS TOWNSHIP SCHOOL DISTRICT | ) | |
| and SUPERINTENDENT DIANE KIRK, | ) | |
| Individually; | ) | |
| ASSISTANT SUPERINTENDENT JOHN | ) | |
| HOOVER, Individually; | ) | |
| BOARD PRESIDENT/ MEMBER | ) | |
| DENISE ABRAHAM, Individually; | ) | |
| BOARD VICE PRESIDENT / MEMBER | ) | |
| SANDRA TEODORI, Individually, | ) | |
| BOARD VICE PRESIDENT/ MEMBER | ) | |
| THOMAS McMURRAY, Individually; | ) | |
| BOARD MEMBER JAMES O'KELLY, | ) | |
| Individually; | ) | |
| BOARD MEMBER DIANE RITTER, | ) | |
| Individually; | ) | |
| BOARD MEMBER DAVID HVIZDOS, | ) | |
| ESQUIRE, Individually; | ) | |
| BOARD MEMBER SANDRA GREGG, | ) | |
| Individually; | ) | |
| BOARD MEMBER ALLISON McCLURE, | ) | |
| Individually; | ) | |
| BOARD MEMBER KAREN SCHARF, | ) | |
| Individually; | ) | |
| BOARD VICE PRESIDENT / MEMBER | ) | |
| TERRY HART, Individually; | ) | |
| BOARD MEMBER ELAINE WEBB, | ) | |
| Individually, | ) | |
|     Defendants. | ) | |

## ORDER OF COURT

**AND NOW,** this 23rd day of March, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Partial Motion to Dismiss filed by Defendants is **GRANTED**.

It is further **ORDERED** that the individually-named Defendants are dismissed as defendants in this action and the caption is amended to so reflect as follows:

| | | |
|---|---|---|
| DR. THOMAS HAJZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 02: 06cv1401 |
| v. | ) | |
| | ) | |
| PETERS TOWNSHIP SCHOOL DISTRICT, | ) ) | |
| | ) | |
| Defendant. | ) | |

Defendant Peters Township School District shall file its Answer to the Complaint on or before **April 5, 2007.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge


cc: Christian Bagin, Esquire
Wienand & Bagin
Email: christian@wienandandbagin.com

Mark E. Scott, Esquire
Email: markescott@verizon.net